(118 App. Div. 27)

## TAYLOR v. BANKERS' LOAN & INVESTMENT CO.

(Supreme Court, Appellate Division, First Department.  March 8, 1907.)

BUILDING AND LOAN ASSOCIATIONS—MEMBERS—WITHDRAWAL—AMOUNT OF RECOVERY—INTEREST.

A member of a building association, in April, 1894, served a notice of withdrawal pursuant to an article of the association binding it, 60 days after the notice, to pay the book value of the shares, and providing that, if the association did not have sufficient funds to meet such claims within 60 days after notice thereof, the claims should not be due until such time as it had an amount sufficient to pay the same.  From August, 1893, to December, 1895, both inclusive, the association received funds sufficient to pay the withdrawing member.  Held, that she was entitled to interest on the sum due her from January 1, 1896, following.

Appeal from Special Term, New York County.

Action by Lillie E. Taylor against the Bankers' Loan & Investment Company to recover from defendant, a building association, a sum alleged to be due to plaintiff, a member thereof.  Plaintiff filed a notice of withdrawal in April, 1894.  From a judgment for plaintiff, defendant appeals.  Modified and affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

John C. Ten Eyck, for appellant.
W. E. Kisselburgh, Jr., for respondent.

PER CURIAM.  We are entirely satisfied with the conclusion reached by the referee as to the main question involved, and would affirm the judgment upon his opinion, were it not for the fact that we think he erred in fixing the date from which interest should be allowed.

Under the provisions of article 15 of the association, a member owning unpledged shares was entitled to withdraw upon giving written notice to that effect, and, upon the expiration of 60 days after such notice had been given, to receive the book value of the shares, less certain things which were chargeable against them, but that no greater sum than 40 per cent. of the dues received in any one month should be applicable to the payment of the withdrawing member without the consent of the board of directors, and that withdrawing members should be paid in the order in which their notices of withdrawal were filed with the company, and, if the amount of money on hand applicable to the payment of withdrawing members was not sufficient to meet all claims of withdrawal within 60 days after the notice had been filed, then claims should not be deemed to be due until such time as 40 per cent. of the receipts from dues subsequent to the time of filing of the notice should amount to a sum sufficient to pay the book value of such shares.

The learned referee allowed interest on the amount which he found to be due the plaintiff from June 21, 1894, the date when the reorganization took place; but there is absolutely no proof that the defendant then had any funds applicable to the payment of the plaintiff's claim. On the contrary, the only proof bearing on that subject is that the defendant received for dues from August, 1893, to December, 1895, both inclusive. the sum of $41,027.38, of which the 40 per cent. applicable for withdrawals under the articles of association amounted to $16,410.94. Out of this fund 31 shareholders who had filed notices prior to the plaintiff, and whose claims aggregated $7,423.-73, first had to be paid; and it is impossible to determine from the record when the fund was sufficient to pay the plaintiff, and in the absence of proof bearing on that subject it must be assumed to be at the end of the period during which it is stipulated the sum was accumulated, viz., December, 1895. Therefore we think interest did not commence to run until January 1, 1896.

The judgment, therefore, should be modified, by allowing interest on the principal sum which the plaintiff was entitled to withdraw— $840—from January 1, 1896; and, as thus modified, the same should be affirmed, without costs to either party.